680 F.2d 340
 29 Cont.Cas.Fed. (CCH) 82,670
 UNITED STATES of America for the use and benefit of GIBSON
EQUIPMENT COMPANY, INC., Appellee,
v.
LEON PERLIN COMPANY, INC. and Insurance Company of North
America, Appellants,
and
Charlie Ulisse and Sons, Inc., Defendants.
 No. 81-1898.
 United States Court of Appeals,
Fourth Circuit.
 Argued March 2, 1982.
Decided June 9, 1982.
 
 Herbert V. Kelly, Jr., Newport News, Va. (Jones, Blechman, Woltz & Kelly, P. C., Newport News, Va., on brief), for appellants.
 Joan W. Gibson, Virginia Beach, Va., for appellee.
 Before RUSSELL and PHILLIPS, Circuit Judges, and ROBERT D. POTTER, United States District Judge for the Western District of North Carolina, sitting by designation.
 DONALD RUSSELL, Circuit Judge:
 
 
 1
 This action arises under section 2 of the Miller Act, 40 U.S.C. § 270b, which allows "any person having direct contractual relationship with a subcontractor" to sue upon the payment bond required of prime contractors for the Government. The district court entered judgment in the amount of $15,579.01 in favor of Gibson Equipment Company, Inc. (Gibson), for equipment and materials it furnished to Charlie Ulisse and Sons, Inc. (Ulisse). Prime contractor Leon Perlin Company, Inc. (Perlin) and its surety, Insurance Company of North America, defendants, have appealed. The sole issue is whether, as the district court held, Ulisse was a subcontractor of Perlin.
 
 
 2
 The Navy awarded Perlin a contract for the refurbishing of a drydock in Portsmouth, Virginia. The contract called for the removal of six inches of old concrete from the bottom of the drydock. After learning that Perlin had received the contract, Ulisse sought involvement in the concrete removal aspect of the refurbishing work. Such an offer was of interest to Perlin only if the cost would be less than the $550,000 estimated by Perlin in its bid to the Government. Ulisse proposed to remove the concrete by first sawing the concrete linearly to a depth of six inches and then breaking it out with jack hammers. The district court found that although Perlin doubted that Ulisse could do the removal work for less than $550,000, Perlin allowed Ulisse to try its technique at the job site on a trial basis.
 
 
 3
 According to the district court's findings of fact, Perlin put Ulisse to work on a portion of the contract for which Perlin was obligated and then discharged Ulisse approximately two months later upon deciding that Ulisse's method was not "cost effective." During that two-month period, Gibson supplied Ulisse with diamond saw blades and other sawing equipment. In addition, Ulisse received three payments totaling $21,000 from Perlin. Despite conflicts in testimony on how the payments to Ulisse were to be calculated, the district court found that Perlin "agreed that in the interim time on the job he owed Ulisse and would pay Ulisse something." The district court also concluded that the work done by Ulisse prior to its discharge was "substantial." Although Perlin compensated Ulisse, Ulisse failed to pay Gibson and has since filed for bankruptcy.
 
 
 4
 Gibson may recover on the payment bond under 40 U.S.C. § 270b(a) only if Ulisse was a subcontractor. On that issue, three Supreme Court decisions are particularly instructive. In Clifford F. MacEvoy Co. v. United States ex rel. Calvin Tomkins Co., 322 U.S. 102, 64 S.Ct. 890, 88 L.Ed. 1163 (1944), the Court adopted the "technical meaning" for subcontractor, "as established by usage in the building trades," according to which "a subcontractor is one who performs for and takes from the prime contractor a specific part of the labor or material requirements of the original contract, thus excluding ordinary laborers and materialmen." Id. at 108-09, 64 S.Ct. at 894. Based on the facts found by the district court, we are convinced that far from performing as an ordinary laborer or materialman, Ulisse performed for and took from Perlin "a specific part of the labor or material requirements of the original contract." Ulisse was actively engaged in the removal of concrete from the drydock floor, an express provision to which Perlin was obligated under its contract with the Navy.
 
 
 5
 In F. D. Rich Co., Inc. v. United States ex rel. Industrial Lumber Co., Inc., 417 U.S. 116, 94 S.Ct. 2157, 40 L.Ed.2d 703 (1974), the Court reaffirmed its holding in MacEvoy as a test grounded in "the substantiality and importance" of a putative subcontractor's "relationship with the prime contractor." Id. at 123, 94 S.Ct. at 2162 (footnote omitted). According to the Court, one's relationship with a prime contractor is substantial when he is one of those few against whom the prime contractor can readily protect himself by requiring some kind of security. See id. at 123-24, 94 S.Ct. at 2162; 322 U.S. at 110-11, 64 S.Ct. at 895. In this case, given the scope of Ulisse's work on the drydock, we have no doubt that Ulisse's relationship with Perlin was substantial enough to expect Perlin to protect itself by requiring Ulisse to provide security against the claims of sub-subcontractors or materialmen.
 
 
 6
 Finally, in J. W. Bateson Co., Inc. v. United States ex rel. Board of Trustees, 434 U.S. 586, 98 S.Ct. 873, 55 L.Ed.2d 50 (1978), the Supreme Court emphasized that the " 'functional' considerations" discussed in MacEvoy and Rich are relevant in determining whether one is a subcontractor only if there is "a direct contractual relationship with the prime contractor." Id. at 594, 98 S.Ct. at 877. Without a contractual tie to the prime contractor, no party can be deemed a subcontractor within the meaning of the Miller Act. See United States ex rel. K & M Corp. v. A & M Gregos, Inc., 607 F.2d 44, 47 (3d Cir. 1979). In the instant case, as the district court stated, that the arrangement between Perlin and Ulisse was unwritten and that the extent of Ulisse's work was not predetermined make no difference. Ulisse's agreement to remove some portion of the concrete in reliance upon Perlin's promise to pay something satisfies the contract prerequisite. Our analysis of Ulisse's role in the concrete removal work simply confirms Ulisse's status as a subcontractor of Perlin.
 
 
 7
 Accordingly, for the reasons stated, the judgment of the district court is affirmed.
 
 
 8
 AFFIRMED.